UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY HOLLAND, | |
| Petitioner | CIVIL ACTION NO. 3:25-CV-00836 |
| v. | (MEHALCHICK, J.) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM**

Jeffrey Holland, incarcerated at USP Canaan, has filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241, requesting "correction" of his presentence report ("PSR"). Upon preliminary consideration, the petition will be dismissed because such a claim is not cognizable under Section 2241.

**I.   BACKGROUND**

In 2002, in this district, a jury found Holland guilty of three charges related to drug trafficking. He was sentenced to concurrent sentences of life imprisonment, with an additional 60-month sentence imposed consecutively pursuant to 18 U.S.C. § 924(c). *See United States v. Holland*, No. 01-CR-00195 (Doc. 248) (M.D. Pa. Oct. 10, 2002). In the instant petition and memorandum of law, received May 13, 2025, Holland alleges that "factual inaccuracies" in his PSR are "adversely affect[ing his] sentencing and subsequent conditions of confinement."[1]

---

[1] Separately, the Third Circuit Court of Appeals has permitted Holland to file a successive petition challenging his sentence pursuant to 28 U.S.C. § 2255, based on newly discovered evidence of a witness's prior criminal record. *See In re Jeffrey Holland*, No. 24-3528 (3d Cir. Apr. 1, 2025); *United States v. Holland*, No. 01-CR-00195 (Doc. 615) (M.D. Pa. Jun. 2, 2025). However, there is no apparent factual overlap between the evidence at issue in that claim and the PSR inaccuracies alleged in this petition.

In brief, Holland claims that several witness statements recounted within the PSR contradict the trial record or other sworn testimony. He argues that the BOP's consideration of these alleged inaccuracies affects his eligibility for First Step Act programs, the Residential Drug Abuse Program, and his security level within the BOP. As relief, he asks that the Court "order the correction" of the PSR itself.

**II.    DISCUSSION**

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any *habeas* petition that appears legally insufficient on its face.").

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005). "In order to challenge the execution of his sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe,* 681 F.3d 533, 537 (3d Cir. 2012). Here, Holland does not allege that the BOP's conduct is inconsistent with the sentencing judgment. In challenging his PSR, Holland "is essentially seeking the correction of sentencing errors, and not the execution of his sentence." *Carter v. Lane*, No. 1:17-CV-672, 2017 WL 2547314, at *3 (M.D. Pa. June 13, 2017). Thus,

courts in this district have consistently concluded[2] that Section 2255 is "the appropriate and exclusive mechanism for seeking federal judicial review to alter or amend [the] Petitioner's [PSR]." See Jones v. Quay, No. 3:21-CV-2120, 2023 WL 4276470, at *2 (M.D. Pa. June 29, 2023) (listing cases); Mathis v. Baltazar, No. 1:18-CV-395, 2018 WL 1792221, at *3 (M.D. Pa. Apr. 16, 2018).

Even assuming Section 2241 was available to Holland for this purpose, the consequences he alleges do not affect the execution of his sentence, as that term is defined in this context. Prisoners have no constitutional right to a particular custody classification or security level; such claims do not implicate the fact, duration, or execution of a sentence and thus are not cognizable under Section 2241. See Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009); Ruff v. Warden FCI Schuylkill, No. 1:20-CV-851, 2020 WL 2839092, at *2 (M.D. Pa. June 1, 2020) (listing cases). Similarly, Holland's access to drug programming and other unspecified programming does not itself affect the duration[3] or execution of his sentence. See

---

[2] In a nonprecedential opinion, the Third Circuit Court of Appeals has suggested that a petitioner could under certain circumstances use Section 2241 to challenge a PSR. See United States v. Ballard, 512 F. App'x 152, 153 (3d Cir. 2013) ("The sole relief [the petitioner] sought was an order amending the PSR to delete the alleged inaccuracies . . . [If the challenged BOP decisions] constitute the execution of his sentence . . ., then he may challenge them in a § 2241 habeas petition."). As explained herein, Holland does not meet this standard.

[3] Even if Holland's mention of "First Step Act programs" was construed as a reference to the denial of time credits under the First Step Act, Holland is ineligible for time credits because he was convicted under 18 U.S.C. § 924(c) of use of a firearm in furtherance of a drug trafficking crime. See United States v. Holland, No. 01-CR-00195 (Doc. 248) (M.D. Pa. Oct. 10, 2002); 18 U.S.C. § 3632(d)(4)(D); see also Goodman v. Sage, No. 4:22-CV-00981, 2022 WL 18028148 (M.D. Pa. Dec. 30, 2022) (although served consecutively to other sentences, "under the plain language of the FSA, Goodman's 924(c) conviction and sentence render him ineligible to receive FSA time credits").

3

*Harvey v. Warden/Superintendent of USP Canaan*, No. 1:21-CV-02150, 2022 WL 2292006, at *4 (M.D. Pa. June 24, 2022) ("[D]istrict courts lack jurisdiction to entertain § 2241 habeas petitions challenging the BOP's individualized RDAP decisions."); *Player v. United States*, No. 19-CV-12141 (NLH), 2020 WL 3118730, at *2 (D.N.J. June 12, 2020) ("The BOP's reliance on the information contained within Petitioner's PSR for programming eligibility does not affect the execution of his legally imposed sentence.").

### III. CONCLUSION

Accordingly, Holland's petition will be DISMISSED for lack of jurisdiction. An appropriate order follows.

Dated: July 8, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**